11-4630                                              BIA
Zhao v. Holder                                  A073 043 845

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, New York, on the 20th day of July, two thousand twelve.

PRESENT:
>       RALPH K. WINTER,
>       ROBERT D. SACK,
>       PETER W. HALL,
>               *Circuit Judges.*

_____

WEI ZHAO,
>       *Petitioner,*

>               v.                              11-4630
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Thomas D. Barra, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; David V. Bernal,
                       Assistant Director; Yedidya Cohen,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Zhao, a native and citizen of the People's Republic of China, seeks review of the October 11, 2011, order of the BIA denying his motion to reopen. *In re Wei Zhao*, No. A073 043 845 (B.I.A. Oct. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Zhao's 2011 motion was untimely because the agency issued the final administrative order in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply, however, to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion in denying Zhao's motion as untimely as he failed to demonstrate a material change in conditions in China. As an initial matter, the BIA did not err in concluding that Zhao's participation in Falun Gong-related activities in the United States is not a changed circumstance arising in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) ("A self-induced change in personal circumstances cannot suffice [to reopen removal proceedings].").

2

Moreover, substantial evidence supports the BIA's determination that the country conditions evidence Zhao submitted in support of his motion to reopen describing an intensification in the Chinese government's repression of Falun Gong practitioners in advance of, and during, the 2008 Beijing Olympics was not material to Zhao's claim that he feared future persecution if returned to China because none of this evidence mentioned an intensification of persecution of Falun Gong practitioners in Zhao's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138,142, 149, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard and finding no error in BIA's evidentiary framework requiring applicant to demonstrate that enforcement of family planning policy is carried out in local area in a manner that would give rise to a well-founded fear of persecution because of variations in the enforcement of that policy).

Additionally, the BIA reasonably determined that the record did not demonstrate Zhao's *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that BIA may deny a motion to reopen on ground that movant has not established *prima facie* eligibility for underlying relief sought). Indeed, as the BIA found, Zhao failed to demonstrate an objectively reasonable fear of persecution because he did not present any evidence that Chinese officials were aware, or would become aware, of his participation in Falun Gong-related activities in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that applicant may establish eligibility for asylum based exclusively on activities undertaken after arrival in United States so long as he demonstrates that "authorities in his country of nationality are either aware of his activities or likely to become aware of his activities").

Because Zhao failed to present material evidence of a material change in conditions, or establish his *prima facie* eligibility for relief, the BIA did not abuse its discretion in denying Zhao's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Abudu,* 485 U.S. at 104.

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk